FILED16 MAY '12 13:01USDC-ORP

Adi Fairbank
5023 SE Kelly Street
Portland, OR, 97206
<adi@peacearms.org>

ADI FAIRBANK, IN PRO PER

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| Adi Fairbank,<br><br>        Plaintiff,<br><br>vs.<br><br>Citibank (South Dakota), N.A.,<br><br>        and<br><br>Nancy A. Smith and Associates,<br><br>        and<br><br>James A. Underwood,<br><br>        Defendants | 3:12 – CV – 864   HZ<br><br>**COMPLAINT**<br><br>**(TO COMPEL ARBITRATION**<br><br>**UNDER 9 U.S.C. § 4)** |

## I. INTRODUCTION

1.      Plaintiff brings this complaint to seek relief for violations of 15 U.S.C. § 1692 ("FDCPA"), and 15 U.S.C. § 1681 ("FCRA").

2.      The parties' relationship is governed by a contract with a pre-dispute arbitration clause, and Plaintiff has previously elected and initiated an arbitration proceeding to resolve their dispute.

#46935

3.     Defendants are refusing to arbitrate according to the terms of the pre-dispute arbitration clause of the contract.

4.     At this time, Plaintiff is not asking this Court to award damages on the claims contained herein.  Rather, Plaintiff asks this court to compel Defendants to arbitrate these claims according to the terms of the pre-dispute arbitration agreement, pursuant to 9 U.S.C. §4.

5.     Should some of the Defendants named in this complaint be ruled in the arbitration as not a party to the pre-dispute arbitration clause, Plaintiff will ask this Court to award damages on those claims.

## II. PARTIES

6.     Plaintiff, Adi Fairbank ("Plaintiff" or "Fairbank"), is an individual residing at 5023 SE Kelly Street, Portland, OR 97206.  Plaintiff has been sued by Citibank for an alleged debt.

7.     Defendant, Citibank (South Dakota), N.A. ("Citibank"), is a national bank and credit card issuer with principal offices in New York, but who cites South Dakota as their home state.

8.     Defendant, Nancy A. Smith and Associates ("Smith"), is a law firm in Portland, OR who pursues debt claims on half of Citibank against consumers who reside in Oregon, such as Fairbank.

9.     Defendant, James A. Underwood ("Underwood"), is a lawyer employed by Nancy A. Smith and Associates, who has been charged with pursuing Citibank's claim against Fairbank.

## III. JURISDICTION AND VENUE

10.     Jurisdiction is conferred upon this Court pursuant to 15 U.S.C. § 1692k(d) ("FDCPA").

11.     Jurisdiction is conferred upon this Court pursuant to 15 U.S.C. § 1681p ("FCRA").

12.     Jurisdiction is conferred upon this Court pursuant to 9 U.S.C. § 4 ("FAA").

13.     Venue is appropriate in this district as the violations underlying this action were made in this district; all Defendants conduct business in this district.

## IV. TIMELINE OF EVENTS: PLAINTIFF'S STATEMENT OF FACT

14.     Defendants sued Plaintiff in Multnomah County Circuit Court, claiming an alleged debt.

15.     The contract between the parties included a written, pre-dispute arbitration agreement. (**Exhibit A**)  Plaintiff elected to resolve the dispute by binding arbitration as allowed by the pre-dispute arbitration agreement.

16.     Plaintiff filed an arbitration with the firm JAMS, listing Citibank and Nancy A. Smith and Associates as respondents, as allowed by the contract.

17.     At the time of filing arbitration with JAMS, Plaintiff requested that Defendants advance Plaintiff's portion of initial JAMS fees, as allowed by the contract. (**Exhibit B**)

18.     At the time of filing arbitration with JAMS, Plaintiff filed a Motion to Dismiss or Stay in Multnomah County Circuit Court, which was granted as a Stay, Pending the Outcome of Arbitration.

19.     Plaintiff waited for Defendants to answer the request for advance of JAMS
arbitration fees, until they finally refused.  Their refusal was allowed by the contract,
since the contract only states that they will consider such a request in good faith.
Therefore, Plaintiff paid the JAMS claimant's fee upon receiving Defendants' refusal
to pay. (**Exhibit C**)

20.     To date, Plaintiff has followed all rules and procedures required for initiating
and pursuing an arbitration in JAMS, per the underlying contract.

21.     To date, Defendants refuse to pay their JAMS respondent's fees, specifically
the initial case management fee to proceed to arbitration commencement. (**Exhibit
D**)

22.     By refusing to pay their JAMS respondent's fees, and making written
statements refusing to arbitrate their dispute in JAMS, Defendants are refusing to
arbitrate according to the terms of the written agreement for arbitration.

## V. CAUSES OF ACTION

### COUNT I – VIOLATION OF 9 U.S.C. § 4
### PLAINTIFF V. DEFENDANTS

23.     The actions outlined in paragraphs 14 through 22 constitute a failure to
arbitrate under a written agreement for arbitration.

24.     Pursuant to 9 U.S.C. § 4, Plaintiff is entitled to relief from this Court with "an
order directing the parties to proceed to arbitration in accordance with the terms of
the agreement."

25.     Plaintiff asks that Defendant be compelled to arbitrate according to the exact terms of the written arbitration agreement, including paying the fees allocated to them by the JAMS arbitration firm.

## COUNT II – VIOLATIONS OF 15 U.S.C. § 1692
## PLAINTIFF V. NANCY A. SMITH AND ASSOCIATES AND JAMES A. UNDERWOOD

26.     Plaintiff meets the definition of a "consumer" set forth in 15 U.S.C. § 1692a(3).

27.     Nancy A. Smith and Associates and James A. Underwood meet the definition of a "debt collector" under 15 U.S.C. § 1692a(6).

28.     In a letter dated May 18, 2011 James A. Underwood threatened that arbitration "may result in increased costs … in the event that Plaintiff prevails in arbitration." This statement is untrue based on the terms of the contract and arbitration agreement, since the arbitration agreement holds that each party must bear the costs of that party's attorneys and witnesses, and was therefore a violation of 15 U.S.C. § 1692e(10).

29.     In the same letter dated May 18, 2011, Underwood threatened to seek a default judgment if arbitration was not filed in AAA by June 17, 2011. This was a "threat to take [an] action that cannot legally be taken," since continuing litigation is not allowed by the contract after arbitration has been elected by either party to resolve the dispute - a violation of 15 U.S.C. § 1692e(5).

30.     Defendants took the liberty of filing for a separate arbitration in AAA on or about September 9, 2011, over three months after Plaintiff had initiated an arbitration in JAMS to resolve the dispute. Pursuing arbitration in AAA after an

arbitration had already been properly initiated in JAMS was a breach of contract, and can be reasonably called both a "deceptive means" and a "threat to take [an] action that cannot legally be taken" in an attempt to collect a debt - a violation of 15 U.S.C. § 1692e(10) and 15 U.S.C. § 1692e(5).

31.     In a letter dated September 22, 2011, Underwood asserted that as a result of Fairbank's failure to pay initial JAMS fee, and denial of a request for a fee deferral, that "our case is not at issue with JAMS." In this same letter, Underwood also claims that Fairbank "failed to properly [initiate arbitration] with JAMS." Since Fairbank requested that Defendants forward the initial JAMS fee, as allowed by the arbitration agreement, and Defendants never responded to this request (until later in this letter of September 22, 2011), both of the above statements were false, deceptive, and misleading representations - violations of 15 U.S.C. § 1692e(10).

32.     On February 20 and 22, 2012, in e-mail communication to Fairbank and a motion filed with AAA, Underwood made representations that Defendants were entitled to seek attorney's fees in their AAA arbitration. This is not permitted by the arbitration agreement, which states that "Each party will bear the expense of that party's attorneys..." These were violations of 15 U.S.C. § 1692e(5), 15 U.S.C. § 1692e(10), and 15 U.S.C. § 1692f(1).

33.     In an e-mail communication dated February 21, 2012, Underwood asserted that "the appointed Arbitrator in this matter Ordered as a matter of law that the 2007 Card Agreement is the proper Agreement." This was a false, deceptive, and misleading representation since the AAA arbitrator never made such a ruling - a violation of 15 U.S.C. § 1692e(10).

34.     In an e-mail communication dated March 12, 2012, Underwood asserted that "the issue of the effective arbitration agreement has been determined as a matter of law." Again, this was a false, deceptive, and misleading representation since the AAA arbitrator never made such a ruling - a violation of 15 U.S.C. § 1692e(10).

35.     In an e-mail communication addressed to AAA and Fairbank dated March 26, 2012, Underwood asserted that the "2007 Agreement is the governing Agreement per Mr. Sniffen's 2/15/12 Order." Again, this was a false, deceptive, and misleading representation since the AAA arbitrator never made such a ruling - a violation of 15 U.S.C. § 1692e(10).

36.     On April 3, 2012, Underwood and Nancy A. Smith and Associates, on behalf of Citibank, filed a petition in Multnomah County Circuit Court asking for an order confirming the arbitration award granted by the AAA arbitrator.  In light of Plaintiff's proper appeal of the AAA award, according to the terms of the arbitration agreement, the award was not "final" and the act of petitioning a court for confirmation at that point was a breach of contract.  This constitutes a "threat to take [an] action that cannot legally be taken" in an attempt to collect a debt - a violation of 15 U.S.C. § 1692e(5).

37.     The claims listed in paragraphs 27 through 35 are being listed so the statute of limitations is tolled on them until they can be heard in the JAMS arbitration proceeding.

38.     Plaintiff is not asking this Court to award monetary damages at this time on the claims listed in paragraphs 27 through 35, but rather to compel Defendants Smith and Underwood to arbitrate them in JAMS.

39.     Defendants Smith and Underwood are parties to the arbitration agreement because they are "agents" or "representatives" of Defendant Citibank, and the arbitration agreement includes claims made against their agents or representatives in section: "Whose Claims are subject to arbitration?"

40.     Should a JAMS arbitrator rule that Defendants Smith and Underwood are not parties to the pre-dispute arbitration agreement authored by Citibank, Plaintiff will ask this Court for monetary damages for this cause of action (COUNT II).

### COUNT III – VIOLATIONS OF 15 U.S.C. § 1681
### PLAINTIFF V. CITIBANK (SOUTH DAKOTA), N.A.

41.     Plaintiff meets the definition of "consumer" set forth in 15 U.S.C. § 1681a(c)

42.     Defendant Citibank meets the definition of "financial institution" set forth in 15 U.S.C. § 1681a(t).

43.     In a letter dated May 4, 2011, to Citibank's hired law firm Nancy A. Smith and Associates, Plaintiff disputed the alleged debt that they sued in State Court to collect on.

44.     As of December 31, 2011, Plaintiff's alleged debt to Citibank had not been reported by Citibank as "disputed" in the reports of any of the three major credit bureaus.  This is a violation of 15 U.S.C. § 1681s-2(a)(3).

45.     Citibank sent no notice to Plaintiff before reporting negative information to the three major credit bureaus since at least late 2010, as required by 15 U.S.C. § 1681s-2(a)(7)(A)(i).

46.     Plaintiff is not asking this Court to award monetary damages at this time on the claims listed in paragraphs 42 and 43, but rather to compel Defendant Citibank to arbitrate them in JAMS.

WHEREFORE, Plaintiff asks this Honorable Court to grant the relief provided by 9 U.S.C. § 4. Specifically, Plaintiff asks that Defendants be ordered to arbitrate in the JAMS proceeding initiated by Plaintiff, according to the terms of the written arbitration agreement.

Respectfully submitted,

DATED: May 16, 2012

ADI FAIRBANK
In Pro Per