IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

ADI FAIRBANK,

                Plaintiff,

     v.

CITIBANK (SOUTH DAKOTA), N.A.,
JAMES A. UNDERWOOD, and NANCY
A. SMITH & ASSOCIATES,

               Defendants.

No. 03:12-cv-00864-HZ

OPINION & ORDER

Adi Fairbank, Pro Se
5023 SE Kelly Street
Portland, OR 97206

       Attorney for Plaintiff

Kathryn P. Salyer
Tomasi Salyer Baroway
121 SW Morrison Street, Suite 450
Portland, OR 97204-3136

       Attorney for Defendant Citibank
       (South Dakota), N.A.

Frank H. Lagesen
Shane P. Swilley
Cosgrave Vergeer Kester, LLP
888 SW Fifth Avenue, Suite 500
Portland, OR 97204

      Attorneys for Defendants James A.
      Underwood and Nancy A. Smith &
      Associates

HERNANDEZ, District Judge:

      Plaintiff Adi Fairbank brings this action to compel arbitration for violations of the Fair

Debt Collection Practices Act ("FDCPA") and the Fair Credit Reporting Act ("FCRA").

Defendants move to dismiss for failure to state a claim upon which relief can be granted (#18,

20).  I grant the motions.

## BACKGROUND

      Defendant Citibank filed a collection action in state court to recover, $3,909.28, the

balance of a credit card account belonging to Plaintiff.[1]  Ex. A (Dkt. #22).  Plaintiff filed a

motion to stay the case, pending arbitration.  Id.  Pursuant to a 2010 credit card agreement,

Plaintiff chose to initiate arbitration with JAMS, but initially did not pay the filing fee despite

repeated requests.  Ex. B (Dkt. #22).  Citibank believed that a 2007 credit card agreement

governed, which only allowed arbitration by the American Arbitration Association ("AAA") or

the National Arbitration Foundation ("NAF").  Id.  Plaintiff paid the filing fee to JAMS only

---

[1] Defendants filed requests for judicial notice of several documents in support of their motions.
It is appropriate to consider facts not in a complaint if they may be judicially noticed under Rule
201, are incorporated by reference by the plaintiff, or are matters of public record.  Dunn v.
Castro, 621 F.3d 1196, 1204 n.10 (9th Cir. 2010); Coto Settlement v. Eisenberg, 593 F.3d 1031,
1038 (9th Cir. 2010).  The exhibits submitted by Defendants are public record documents related
to the state court case.  Exs. A – D (Dkt. #19); Exs. A – E (Dkt. #22).  I will consider all these
exhibits.  Defendant Citibank mentioned, but did not file an Exhibit E (Dkt. #19), which I am
unable to consider.

after Citibank had initiated arbitration with the AAA.  Id.  An arbitrator ruled that jurisdiction

was properly with the AAA.  Id.

Arbitration before the AAA then proceeded.  Plaintiff did not participate in the

arbitration, despite being properly notified.  Ex. C at 5 (Dkt. #22).  The arbitrator found in favor

of Citibank and awarded $3,909.28.  The arbitrator made Citibank responsible for the AAA

filing fees and the arbitrator fees.  Id. at 6.  In state court, Plaintiff moved to vacate the

arbitration award.  Ex. A at 2 (Dkt. #22).  The state court denied the motion to vacate, confirmed

the arbitration award, and entered judgment for Citibank.  Exs. E at 2-3, A at 3 (Dkt. #22).

Before the state court ruled on the motion to vacate, Plaintiff filed the present action.  In

claim one, Plaintiff alleges that Defendants failed to arbitrate and seeks an order compelling

arbitration with JAMS.  Compl. 4.  In claim two, Plaintiff alleges a violation of FDCPA against

Defendants Nancy A. Smith & Associates ("Smith") and James Underwood, attorneys who

represented Citibank in the state proceeding against Plaintiff.  Id. at 2, 5.  In claim three, Plaintiff

alleges a violation of FCRA by Defendant Citibank.  Id. at 8.  Defendant Citibank moved to

dismiss for failure to state a claim (#18).  Defendants Smith and Underwood also moved to

dismiss on the same grounds (#20).

STANDARDS

A motion to dismiss for failure to state a claim may be granted only when there is no

cognizable legal theory to support the claim or when the complaint lacks sufficient factual

allegations to state a facially plausible claim for relief.  Shroyer v. New Cingular Wireless

Servs., Inc., 622 F.3d 1035, 1041 (9th Cir. 2010).  In evaluating the sufficiency of a complaint's

factual allegations, the court must accept all material facts alleged in the complaint as true and

construe them in the light most favorable to the plaintiff.  Wilson v. Hewlett-Packard Co., 668

F.3d 1136, 1140 (9th Cir. 2012). However, the court need not accept conclusory allegations as truthful. Holden v. Hagopian, 978 F.2d 1115, 1121 (9th Cir. 1992).

A motion to dismiss under Rule 12(b)(6) will be granted if plaintiff alleges the "grounds" of his "entitlement to relief" with nothing "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]" Id. (citations and footnote omitted).

To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face[,]" meaning "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation omitted). Additionally, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. The complaint must contain "well-pleaded facts" which "permit the court to infer more than the mere possibility of misconduct." Id. at 679.

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. See, e.g., Haines v. Kerner, 404 U.S. 519, 520 (1972). Before dismissing a pro se complaint, the court must, in many circumstances, instruct the pro se litigant as to the deficiencies in the complaint and grant leave to amend. Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir. 1987). Nevertheless, a pro se plaintiff's claims may be dismissed without leave to amend where it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief and the complaint's deficiencies cannot be cured by amendment. Barrett v. Belleque, 544 F.3d 1060, 1061-62 (9th Cir. 2008).

DISCUSSION

As an initial matter, a clarification regarding Plaintiff's complaint is necessary.  Although Plaintiff pled three claims, Plaintiff is adamant that only the first claim—failure to arbitrate in violation of 9 U.S.C. § 4—is before this court.  Plaintiff states that the FDCPA and FCRA claims (claims two and three) "are not properly decided by this court at this time.  Plaintiff listed these claims merely to show that this court had jurisdiction to compel arbitration under 9 U.S.C. § 4." Pl.'s Objection Mot. Dismiss, 2.  Later, Plaintiff states again that "Plaintiff merely asks this court to compel Defendants to arbitrate his claims against them (listed in the complaint merely to show this court's jurisdiction) in JAMS, according to the arbitration agreement." Id. at 3.  Finally, when discussing the merits of the alleged FDCPA and FCRA violations, Plaintiff asserts that "these issues should be decided by the JAMS arbitrator, and need not be argued here." Id. at 5. Given Plaintiff's repeated and unequivocal statements that the complaint only states one claim, I will construe the complaint as such.  The sole issue is whether Plaintiff has stated a claim for violation of 9 U.S.C. § 4 for failure to arbitrate.

Plaintiff alleges that Defendants failed to arbitrate with JAMS, a violation of 9 U.S.C. § 4.  Defendant Citibank argues that res judicata and the Rooker-Feldman doctrine bar Plaintiff's complaint.  Def. Citibank's Mem. Supp. Mot. Dismiss ("Citibank Mem.") 4-6.  Similarly, Defendants Smith and Underwood argue that Plaintiff's sole claim is barred by the Rooker-Feldman doctrine and issue preclusion.[2]  Def. Smith and Underwood's Mem. Supp. Mot. Dismiss ("Smith-Underwood Mem.") 7 n2; Def. Smith and Underwood's Reply Supp. Mot. Dismiss ("Smith-Underwood Reply") 2.

---

[2] Defendants Smith and Underwood also move to strike Plaintiff's objections to the motions because it was not timely filed.  Smith-Underwood Reply, 1-2.  I deny the motion to strike.

I first address the issue of res judicata.  "[S]tate proceedings need do no more than satisfy the minimum procedural requirements of the Fourteenth Amendment's Due Process Clause in order to qualify for the full faith and credit guaranteed by [28 U.S.C. § 1738].  It has long been established that § 1738 does not allow federal courts to employ their own rules of res judicata in determining the effect of state judgments.  Kremer v. Chem. Constr. Corp., 456 U.S. 461, 481-482 (1982).  Because Citibank argues that the state court judgment bars Plaintiff's complaint, I apply state law to determine any preclusive effect of the state court judgment.

In Oregon, a plaintiff is barred on res judicata grounds from bringing a second action against the same defendant, where plaintiff has brought a first action against the defendant to final judgment and "the claim in the second action … is based on the same factual transaction that was at issue in the first [action], seeks a remedy additional or alternative to the one sought earlier, and … could have been joined in the first action."  Rennie v. Freeway Transport, 656 P.2d 919, 921 (Or. 1982).  This type of res judicata, commonly known as claim preclusion, "bars prosecution of claims [that may] have never in fact been litigated between the parties."  Id.  In other words, "[t]he prior judgment is deemed to have effected a merger or bar of all claims against the defendant available to the plaintiff arising from the transaction that was at issue irrespective of whether plaintiff had actually asserted them in that action."  Id. at 921-22.

Here, Plaintiff's request to compel arbitration before JAMS has already been decided in state court.  The arbitrator found that the AAA properly had jurisdiction and the state court agreed. Ex. E at 2 (Dkt. # 22).  Defendant Citibank asserts res judicata against Plaintiff via the AAA arbitration and prior state court proceeding that confirmed the AAA award.  Citibank argues that Plaintiff's FCRA claim should have been raised during the AAA arbitration, in which Plaintiff voluntarily decided to not participate.  Citibank Reply 2.  I agree that Plaintiff's FCRA

claim against Citibank should have been raised during the AAA arbitration. Contrary to Plaintiff's argument, the FCRA claim is based on the same factual transaction, namely Plaintiff's delinquent credit card account. The FCRA claim would not exist but for Citibank's attempt to collect the balance of Plaintiff's credit card account, and thus arises from the same transaction. Plaintiff's FCRA claim against Citibank should have been raised in the prior proceedings.

Plaintiff further argues that the AAA arbitration only had jurisdiction to hear Citibank's claims against Plaintiff, not Plaintiff's FCRA claim against Citibank. Pl.'s Objection Mot. Dismiss, 5. Plaintiff is incorrect, and notably does not cite to any authority in support of his position. Plaintiff put his FCRA claim at risk of being barred by res judicata when he failed to participate in the AAA arbitration.

Regarding Plaintiff's FDCPA claim against Defendants Smith and Underwood, Plaintiff is not entitled to compel arbitration. It is true that "*where the contract contains an arbitration clause*, there is a presumption of arbitrability in the sense that '[an] order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." AT&T Techs. v. Communs. Workers of Am., 475 U.S. 643, 650 (1986) (emphasis added). However, no such contract exists between Plaintiff and Defendants Smith and Underwood. Only Defendant Citibank was a party to the credit card agreement that included the arbitration clause. Therefore, Plaintiff has failed to state a claim against Defendants Smith and Underwood for failure to arbitrate under 9 U.S.C. § 4.

In light of my previous findings, I need not address Defendants' argument regarding the Rooker-Feldman doctrine. Plaintiff's complaint is dismissed because it cannot be cured through amendment to state a claim under 9 U.S.C. § 4.

7 - OPINION & ORDER

/ / /

/ / /

/ / /

/ / /

/ / /

CONCLUSION

Based on the foregoing, Defendant Citibank's motion to dismiss (#18) is granted and

Defendants' Smith and Underwood's motion to dismiss (#20) is granted.  Plaintiff's complaint is

dismissed.

IT IS SO ORDERED.

Dated this _____ day of December, 2012.


_____
MARCO A. HERNANDEZ
United States District Judge

8 - OPINION & ORDER